**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #
DATE FILED: MAR 2 9 2021

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

NONDEY LEE CROSTON,                          :
                                             :
                              Plaintiff,     :
                                             :         MEMORANDUM DECISION
         -against-                           :         AND ORDER
                                             :
COMMISSIONER OF SOCIAL SECURITY,             :         19 Civ. 6151 (GBD) (JLC)
                                             :
                              Defendant.     :
                                             :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

GEORGE B. DANIELS, United States District Judge:

Plaintiff Nondey Lee Croston brings this action against Defendant the Commissioner of Social Security under the Social Security Act, 42 U.S.C. § 405(g), seeking review of an administrative law judge's decision denying Plaintiff disability benefits. (Compl., ECF No. 1.) Both parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). (ECF Nos. 15, 19, 29.)

Before this Court is Magistrate Judge James L. Cott's December 30, 2020 Report and Recommendation (the "Report"), recommending that Plaintiff's motion be granted, Defendant's cross-motion be denied, and the matter be remanded for further proceedings. (Report, ECF No. 33, at 17.) Magistrate Judge Cott advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections on appeal. (*Id.*) Defendant filed timely objections, (Commissioner's Objs. to Magistrate Judge's R. & R., ECF No. 34), to which Plaintiff submitted a response, (Pl.'s Response to Def.'s Objs. to the Magistrate Judge's R. & R., ECF No. 35). Having reviewed the Report, as well as Defendant's objections and Plaintiff's response, this Court adopts the Report and overrules the objections. Plaintiff's motion for judgment on the pleadings is GRANTED. Defendant's motion is DENIED.

## I.   LEGAL STANDARDS

A court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth in a magistrate judge's report. 28 U.S.C. § 636(b)(1)(C). The court must review *de novo* the portions of a magistrate judge's report to which a party properly objects. *Id.* The court, however, need not conduct a *de novo* hearing on the matter. *See United States v. Raddatz*, 447 U.S. 667, 675–76 (1980). Rather, it is sufficient that the court "arrive at its own, independent conclusion" regarding those portions of the report to which objections are made. *Nelson v. Smith*, 618 F. Supp. 1186, 1189–90 (S.D.N.Y. 1985) (citation omitted).

Portions of a magistrate judge's report to which no or "merely perfunctory" objections are made are reviewed for clear error. *See Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citations omitted). Objections must be "specific and clearly aimed at particular findings" in the report. *Harden v. LaClaire*, No. 07 Civ. 4592 (LTS) (JCF), 2008 WL 4735231, at *1 (S.D.N.Y. Oct. 27, 2008). Accordingly, the clear error standard also applies if a party's "objections are improper—because they are 'conclusory,' 'general,' or 'simply rehash or reiterate the original briefs to the magistrate judge.'" *Stone v. Comm'r of Soc. Sec.*, No. 17 Civ. 569 (RJS), 2018 WL 1581993, at *3 (S.D.N.Y. Mar. 27, 2018) (citation omitted). Clear error is present when "upon review of the entire record, [the court is] left with the definite and firm conviction that a mistake has been committed." *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (citation and internal quotation marks omitted).

## II.   PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS IS GRANTED

Plaintiff challenges the administrative law judge's ("ALJ's") decision on multiple grounds. He first takes issue with the substance of the ALJ's decision, arguing that the ALJ failed to properly weigh the medical opinion evidence and evaluate his subjective statements. Additionally, he

argues that the ALJ was an inferior officer improperly appointed under the Appointments Clause of the United States Constitution. Accordingly, Plaintiff contends that the ALJ lacked authority to hear and decide his case. Magistrate Judge Cott focused his analysis on the Appointments Clause challenge, appropriately determining that it was prudent to address this issue as a threshold matter before analyzing the substance of the ALJ's decision. (Report at 5.)

The basis for Plaintiff's challenge is the Supreme Court's decision in *Lucia v. SEC*, 138 S. Ct. 2044 (2018). In *Lucia*, the Supreme Court determined that Securities and Exchange Commission ALJ's are "officers" rather than employees and, therefore, may only be appointed by "the President, a court of law, or a head of department," pursuant to the Appointments Clause. *Lucia*, 138 S. Ct. at 2055. Defendant does not argue that this holding does not apply to SSA ALJ's. Indeed, after *Lucia*, on July 16, 2018, the acting Commissioner ratified the appointment of all SSA ALJs to resolve the issue for all future cases. Plaintiff's case, however, was decided by an ALJ on June 19, 2017. The validity of the appointment of the ALJ presiding over Plaintiff's case was thus unaffected by the Commissioner's remedial action. Defendant does not dispute that the ALJ in Plaintiff's case was improperly appointed, but argues that Plaintiff forfeited his Appointments Clause challenge by failing to raise it before the agency at any point in the administrative proceedings.

As Magistrate Judge Cott noted, this issue has yet to be addressed by the Second Circuit but has been considered by numerous courts across the country, including five Circuit Courts of Appeal. The Third, Fourth and Sixth Circuits are of the view that issue-exhaustion is not required. *See Cirko v. Commissioner*, 948 F.3d 148 (3d Cir. Jan. 23, 2020); *Ramsey v. Commissioner of Social Security*, 973 F.3d 537 (6th Cir. Sept. 1, 2020); *Probst v. Saul*, 980 F.3d 1015 (4th Cir. Nov. 20, 2020). The Eighth and Tenth Circuits, however, have reached the opposite conclusion. *See*

3

*Carr v. Commissioner*, 961 F.3d 1267, 1268 (10th Cir. June 15, 2020); *Davis v. Saul*, 963 F.3d 790 (8th Cir. June 26, 2020). The Supreme Court granted *certiorari* in *Carr* and *Davis* and is expected to resolve this question this term.[1]

Magistrate Judge Cott conducted a careful review of the existing appellate opinions addressing this issue and concluded, based on a well-reasoned and thoughtful analysis, that exhaustion is not required. (Report at 5–16.) Magistrate Judge Cott further determined that the appropriate remedy for the improper appointment of the ALJ is a new hearing before a different, properly appointed ALJ. (*Id.* at 16.) Alternatively, Magistrate Judge Cott suggested that this Court may forbear from ruling in this case until the Supreme Court renders its decision in the consolidated appeals in *Carr* and *Davis*. (*Id.* at 17.)

Defendant objects to the Report's conclusion that Plaintiff did not forfeit his Appointments Clause claim. Defendant, however, recycles the same arguments made to Magistrate Judge Cott in support of this objection. Thus, the appropriate standard of review is clear error. This Court has reviewed the Report and finds no error, clear or otherwise. Plaintiff's claim that the ALJ lacked authority to hear and decide his case is properly considered by this Court. For the reasons set forth in the Report, Plaintiff need not exhaust his Appointments Clause challenge before the ALJ in order to preserve that challenge for judicial review in the District Court. Because the ALJ was improperly appointed, remand for a hearing before a different ALJ is the appropriate remedy. *See Lucia*, 138 S. Ct. at 2055. Further, this Court need not delay the determination of Plaintiff's eligibility for disability benefits in order to await the Supreme Court's forthcoming ruling in *Carr* and *Davis*.

---

[1] The Supreme Court heard oral argument on the consolidated appeals on March 3, 2021.

## III.   CONCLUSION

Magistrate Judge Cott's Report is adopted. Plaintiff's motion for judgment on the pleadings, (ECF Nos. 15, 19), is GRANTED. Defendant's cross-motion for judgment on the pleadings, (ECF No. 29), is DENIED. This matter is remanded for a new hearing before a different, properly appointed ALJ.

The Clerk of Court is directed to close the motions accordingly.

Dated: New York, New York
March 29, 2021

SO ORDERED.

GEORGE B. DANIELS
United States District Judge

5